Order Form (01/2005)

# United States District Court, Northern District of Illinois

MHN

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | Jaxxxx |
|---|---|---|---|
| **CASE NUMBER** | 09 C 3166 | **DATE** | 12/15/10 |
| **CASE TITLE** | Nickolas Lee (2009-0019218) vs. Ronald Turner, et al. | | |

### DOCKET ENTRY TEXT

Plaintiff's motion for appointment of counsel [37] and Note to the Clerk [38] are denied without prejudice.

■ [ For further details see text below.]    Docketing to mail notices.

### STATEMENT

    Pending before the Court are *pro se* plaintiff Nickolas Lee's motion for appointment of counsel (Dkt. No. 37), and "Note to the Clerk of the U.S. District Court re amended complaint." (Dkt. No. 38). For the reasons set forth below, plaintiff's motion for appointment of counsel and "Note to the Clerk" are denied without prejudice.

    Plaintiff's complaint alleges false arrest and excessive force claims against Chicago Police Officer defendants. (Dkt. No. 1). On June 6, 2009, this Court's 28 U.S.C. § 1915A initial screening order held that plaintiff had stated a claim against the defendant Chicago Police Officers, but failed to state a claim against defendants City of Chicago, Chicago Police Department Superintendent Jody Weis, Jackson Park Hospital, and Dr. David Williams. (Dkt. No. 5). On February 2, 2010, the Officer defendants moved to stay these proceedings pending the resolution of *People v. Lee*, No. 07 CR 1262701 in the Circuit Court of Cook County. (Dkt. No. 27). According to defendants' stay motion, the state criminal case charges plaintiff with six counts of aggravated battery to a police officer and two counts of resisting or obstructing a police officer. (*Id.* at 2). The Court granted defendants' stay motion on February 9, 2010. (Dkt. No. 29).

    On December 2, 2010, plaintiff filed his present motion for appointment of counsel (Dkt. No. 37), and a "Note to the Clerk of the U.S. District Court Re-Amended Complaint." (Dkt. No. 38). His Note to the Clerk states that he does have a claim against the dismissed defendants and wants them added back into the case as defendants. (*Id.*). He also claims that Attorney Allen B. Gutterman was going to file an amended complaint for him in May 2010, but he never received a telephone call or mail from Mr. Gutterman. (*Id.*). No amended complaint has been received by the Court. Mr. Gutterman has not appeared and plaintiff proceeds *pro se*.

    As to plaintiff's motion for appointment of counsel, "[t]here is no constitutional or statutory right to

# STATEMENT

counsel in federal civil cases," but this Court does have "discretion under 28 U.S.C. § 1915(e)(1) to request counsel for an indigent litigant." *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc); *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006); *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993)). In determining whether to request counsel to represent plaintiff, this Court considers whether: (1) plaintiff "has made reasonable attempts to secure counsel on his own;" and, if so, (2) "the complexity of the case and whether the plaintiff appears competent to litigate it on his own." *Romanelli*, 615 F.3d at 851-52 (citing *Pruett*, 503 F.3d at 654-55). This Court has discretion in determining whether to recruit counsel for a pro se plaintiff. *Jackson v. Kotter*, 541 F.3d 688, 700 (7th Cir. 2008) (quoting *Pruitt*, 503 F.3d at 655).

The Court is uncertain of plaintiff's counsel situation at this time. If Mr. Gutterman represents plaintiff, then appointment of counsel is unnecessary and plaintiff should inform Mr. Gutterman that he should file an appearance in this case. However, if Mr. Gutterman does not represent plaintiff, then plaintiff must first make a reasonable attempt to obtain his own counsel before this Court may proceed on plaintiff's motion for appointment of counsel. Traditionally, prisoners make a reasonable attempt to secure their own counsel by contacting law firms or public interest law organizations and request their assistance. Prisoners then provide copies of the letters they receive from those law firms and organizations, if they decline to provide representation to the prisoner, with a motion for appointment of counsel to demonstrate a reasonable effort to obtain counsel. If plaintiff is not represented by Mr. Gutterman, then plaintiff should make this reasonable effort to secure his own counsel by contacting no less than three law firms or public interest law organizations and request that they represent him. Plaintiff may renew his motion for appointment of counsel at that time.

As to plaintiff's "Note to the Clerk," the Court has not received any amended complaint from plaintiff. It is plaintiff's responsibility to submit any amended complaint that he desire to the Court. Plaintiff may not simply write the Court or the Clerk with a request to alter the parties in this case. Plaintiff is reminded that "[t]o satisfy the notice-pleading standard, a complaint must provide a 'short and plain statement of the claim showing that the pleader is entitled to relief,' which is sufficient to provide the defendant[s] with 'fair notice' of the claim and its basis." *Bridges v. Gilbert*, 557 F.3d 541, 545 (7th Cir. 2009) (quoting *Erickson v. Pardus*, 551 U.S 89 (2007) (per curiam)). "'[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The complaint must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Bridges*, 557 F.3d at 546 (internal quotation marks and citations omitted) (emphasis in original).

To state a claim against supervisory officials, plaintiff must provide factual allegations that provide a plausible inference of personal involvement. "Section 1983 lawsuits against individuals require personal involvement in the alleged constitutional deprivation to support a viable claim." *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003) (citing *Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000); *Zentmyer v. Kendall County, Ill.*, 220 F.3d 805, 811 (7th Cir. 2000); *Davis v. Zirkelbach*, 149 F.3d 614, 619 (7th Cir. 1998)). Agency principles of *respondent superior* and vicarious liability do not apply to § 1983 claims. *Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008) (citing *Monell v. New York City Dep't Soc. Servs.*, 436 U.S. 658, 691 (1978); *Hosty v. Carter*, 412 F.3d 731, 733 (7th Cir. 2005)); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009) ("[A] plaintiff must plead that each government official defendant, through the official's own individual actions, has violated the Constitution."). However, supervisors may violate the Constitution resulting in their own individual liability if they "know about the unconstitutional conduct and

| STATEMENT |
|---|

facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *T.E. Grindle*, 599 F.3d 583, 588 (7th Cir. 2010) (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988)).

Finally, a claim against a municipality such as Chicago is only permissible if plaintiff provides factual allegations that provide a plausible *Monell* claim. "A municipality may be held liable for a constitutional deprivation under *Monell*." *Waters v. City of Chicago*, 580 F.3d 575, 580 (7th Cir. 2009) (citing 436 U.S. 658 (1978)). "Misbehaving employees are responsible for their own conduct, 'units of government are responsible only for their policies rather than misconduct by their workers.'" *Lewis v. City of Chicago*, 496 F.3d 645, 656 (7th Cir. 2007) (quoting *Fairley v. Fermaint*, 482 F.3d 897, 904 (7th Cir. 2007)). "To establish municipal liability under § 1983 . . . a plaintiff must present sufficient evidence to show that the constitutional violation resulted from a municipal policy, custom or practice." *Waters*, 580 F.3d at 580 (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978)). "To establish an official policy or custom, a plaintiff must show that his constitutional injury was caused by (1) the enforcement of an express policy of the [municipality], (2) a widespread practice that is so permanent and well settled as to constitute a custom or usage with the force of law, or (3) a person with final policymaking authority." *Wragg v. Vill. of Thornton*, 604 F.3d 464, 467-68 (7th Cir. 2007) (citing *Latuszkin v. City of Chicago*, 250 F.3d 502, 504 (7th Cir. 2001); *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000)).

Should the plaintiff choose to file an amended complaint, he must write both the case number and the Judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the Court, the plaintiff must provide an extra copy for the judge; he must also submit a service copy for each defendant named in the amended complaint. The plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the amended complaint, without reference to the original complaint. Any exhibits the plaintiff wants the Court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits. The plaintiff is advised to keep a copy for his files. The clerk will provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.