Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Edmond E. Chang | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 3166 | **DATE** | March 4, 2011 |
| **CASE TITLE** | Nickolas Lee (2009-0019218) vs. Ronald Turner, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for appointment of counsel, (Dkt. No. 57), is denied. Defendants' motion to dismiss (Dkt. No. 58), is denied without prejudice. The notice of motion (Dkt. Nos. 59, 60) is stricken. The status hearing set for March 17, 2011 is struck and reset to April 19, 2011 at 8:30 a.m. Plaintiff may proceed on his amended complaint and the clerk is instructed to file the amended complaint. (Dkt. No. 62). Defendant Chicago Police Department is dismissed as a defendant pursuant to 28 U.S.C. § 1915A. Defendants Dr. David Williams and Jackson Park Hospital are reinstated as defendants. The clerk shall issue summonses for Dr. David Williams and Jackson Park Hospital. The United States Marshals Service is appointed to serve the defendants. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(1) before attempting personal service. The Chicago Police Officer defendants shall answer or otherwise respond to the amended complaint within twenty-eight days of the entry of this order.

■[ For further details see text below.]                                                                    Docketing to mail notices.

# STATEMENT

     Pro se plaintiff Nickolas Lee alleges the Chicago Police Officer defendants Ronald Turner, Mark Duignan, Andrew Riley, Joseph McInerney, Daniel Binfa, Murphy Rayl, Patrick Hackett, and P. Alfini used excessive force during his arrest and falsely arrested him after planting drugs on him. (Dkt. No. 62 at 4). He also alleges that Dr. David Williams of the Jackson Park Hospital failed to treat his injuries. (*Id.*).

     Plaintiff's initial complaint was submitted in May 2009. (Dkt. No. 1). This case was original assigned to Judge John W. Darrah. In June 2009, Judge Darrah performed an initial review of plaintiff's complaint pursuant to 28 U.S.C. § 1915A. (Dkt. No. 5). He allowed plaintiff to proceed on his claims against the police officer defendants, but dismissed his claims against Chicago Police Superintendent Jody Weis, the City of Chicago, Dr. Williams and Jackson Park Hospital for failure to state a claim upon which relief may be granted. (Dkt. No. 5). The case was in the service stage for several months. In February 2010, Judge Darrah granted defendants' motion to stay the case pending the resolution of a related state criminal case. (Dkt. Nos. 27, 29).

     In December 2010, Judge Darrah initially granted plaintiff's motion for appointment of counsel, but then reversed coursed and denied the motion. (Dkt. Nos. 41, 42). The case was reassigned to this Court from Judge Darrah on January 7, 2011. (Dkt. No. 43). This Court reexamined the appointment of counsel question and determined that it would adhere to Judge Darrah's ruling denying plaintiff's request for appointment of counsel. (Dkt. No. 56). The Court also gave plaintiff leave to submit an amended complaint by February 21, 2011, and instructed that defendants could refile their motion to dismiss as to the original

complaint if plaintiff did not submit a proposed amended complaint by February 21, 2011. (Dkt. No. 56). No amended complaint was received by the deadline and so defendants re-filed their motion to dismiss on February 28, 2011. (Dkt. No. 58). Four days later, the Court received a proposed amended complaint from plaintiff along with a letter explaining that he recently received the Court's order regarding the February 21, 2011 deadline. (Dkt. Nos. 61, 62). He blamed the delay on the Cook County Jail mail system. He also submitted a new motion for appointment of counsel. (Dkt. No. 57).

Plaintiff's renewed motion for appointment of counsel, (Dkt. No. 57), is denied. His present motion does not change the Court's prior analysis of the appointment of counsel issue which was recently considered on January 31, 2011. (Dkt. No. 56). The Court adheres to its prior determination that plaintiff is sufficiently competent to litigate a case of this level of complexity. *See Romanelli v. Suliene*, 615 F.3d 847, 851-52 (7th Cir. 2010); *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc).

Defendants' motion to dismiss (Dkt. No. 58), is denied without prejudice. Defendant's motion addresses plaintiff's original complaint from May 2009, (Dkt. No. 1), but his proposed amended complaint from February 2011 (Dkt. No. 62), is now before the Court for review pursuant to 28 U.S.C. § 1915A. The subsequent submitting of the proposed amended complaint moots plaintiff's motion to dismiss as to the original complaint.

Turning to the Court's review of plaintiff's proposed amended complaint, plaintiff may proceed with his complaint. Defendant Chicago Police Department is dismissed as a defendant because it is not a suable entity. *Lewis v. City of Chiago*, 496 F.3d 645, 645 n.1 (7th Cir. 2007). Plaintiff may proceed on his claims against the Chicago Police Officer defendants as he alleged a number of federal constitutional claims including the alleged use of excessive force, *Cyrus v. Town of Mukwonago*, 624 F.3d. 856, 861-62 (7th Cir. 2010), and unlawful arrest. *Gonzalez v. City of Elgin*, 578 F.3d 526, 537 (7th Cir. 2009). As to Dr. Williams and Jackson Park Hospital, the Court notes that Judge Darrah previously dismissed these defendants when reviewing plaintiff's initial complaint. However, plaintiff has set forth plausible claims against these defendants in this complaint because plaintiff has a supplemental state law claim alleging medical malpractice against Dr. Williams and the hospital. The existence of the federal constitutional claim establishes an anchor claim sufficient to allow the Court to exercise supplemental jurisdiction over the state law claim (at least the Court so finds for now, without prejudice to Dr. Williams and the Hospital to argue otherwise after they are served).

The clerk shall issue summonses for Dr. David Williams and Jackson Park Hospital forthwith and send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. The United States Marshals Service is appointed to serve the defendants. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(1) before attempting personal service.

In summary, plaintiff's motion for appointment of counsel, (Dkt. No. 57), is denied. Defendants' motion to dismiss (Dkt. No. 58), is denied without prejudice. The notice of motion (Dkt. Nos. 59, 60) is stricken. The status hearing set for March 17, 2011 is struck and reset to April 19, 2011 at 8:30 a.m. Plaintiff may proceed on his amended complaint and the clerk is instructed to file the amended complaint. (Dkt. No. 62). Defendant Chicago Police Department is dismissed as a defendant pursuant to 28 U.S.C. § 1915A. Defendants Dr. David Williams and Jackson Park Hospital are reinstated as defendants. The clerk shall issue summonses for Dr. David Williams and Jackson Park Hospital. The United States Marshals

| STATEMENT |
|---|
| Service is appointed to serve the defendants. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(1) before attempting personal service. The Chicago Police Officer defendants shall answer or otherwise respond to the amended complaint within twenty-eight days of the entry of this order. |