**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| NICKOLAS LEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | No. 09 C 3166 |
| CITY OF CHICAGO, MARK DUIGNAN, | ) | |
| MURPHY RAYL, ANDREW RILEY, | ) | Judge Edmond E. Chang |
| RONALD TURNER, JOSEPH MCINERNEY, | ) | |
| AND DANIEL BINFA | ) | JURY DEMANDED |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## DEFENDANTS' MOTIONS *IN LIMINE*

Defendants, Mark Duignan, Murphy Rayl, Andrew Riley, Ronald Turner, Joseph McInerney, Daniel Binfa and the City of Chicago, by their undersigned attorneys, respectfully move this Court *in limine* as follows:

**1.     Motion to Bar All Non-party Witnesses From The Courtroom During Trial Testimony**

Defendants move this Court to exclude all non-party witnesses, including expert witnesses from the courtroom during the opening statements and testimony of any and all other witnesses. Such an Order is proper because it prevents the contamination of the testimony of potential witnesses. The Plaintiff objects to this motion only in so far as it seeks to exclude expert witnesses from the Courtroom. The Defendants disagree that experts should be permitted to remain in the Courtroom for the testimony of other witnesses and do not believe that the Court should permit Plaintiff's request as the Plaintiff has not established that the presence of their expert is essential to their prosecution of the Complaint. Fed. R. Evid. 615. *Opus 3 Ltd. v. Heritage Park, Inc.,* 91 F.3d 625, 628 (4th Cir. 1996).

2. **Motion to Bar Evidence of Settlement Negotiations**

Pursuant to Rule 408, any testimony or evidence from Plaintiff or any of his witnesses with regard to any attempts made to settle this matter, including, but not limited to testimony that Plaintiff offered any settlement proposal or testimony alleging that Defendant did not accept Plaintiff's attempt to settle this matter or that Defendants made any offer to settle at all should be barred.

3. **Motion to Bar Testimony or Evidence Related to Allegations of Controversial, Unconstitutional, Illegal or Questionable Conduct by Other Officers toward Individuals Who Are Not Parties To This Case.**

In recent years, allegations of misconduct by members of the Chicago Police Department have received media coverage in the city's major newspapers, local news broadcasts and on the internet. Certain allegations have even received nation-wide coverage. Some of the most publicized events include the videotaped incident of off-duty police officer Anthony Abbate attacking a bartender; the indictment of off-duty officers allegedly attacking and beating four bar patrons; and the indictments of a number of police officers for on-duty conduct from the Special Operations Section ("SOS") Unit; and the Jon Burge federal perjury trial. Defendants do not condone any of this alleged conduct and should not be forced to defend, along with their defense, the conduct of others in this Court who are not parties to this case.

The Defendant Officers in this matter have absolutely nothing to do with any of these publicized incidents and there are absolutely no allegations of any such misconduct in this case. The Defendant Officers are on trial for what they are alleged to have done on May 27, 2007, not what other officers are alleged to have done on other dates involving other individuals not parties here. Even if there were any conduct similar to recent media coverage and alleged police misconduct claimed here, if Plaintiff were allowed to introduce such evidence, Defendant would

2

have no choice but to refute it. This would create a "trial" within a trial. The resulting impact on judicial economy and the jury of having to listen to, but not resolve, this allegation would prejudice the Defendants in a manner that no defense could cure.

Such references to other allegations of police misconduct during this trial can only serve to inflame the Jury against the police in general, and against the Defendants in this particular case. Such references will also mislead and confuse the Jury regarding the conduct they are evaluating for purposes of deciding this case. Comments and implied references to this effect have no probative value and are irrelevant to the issues presented and are unfairly prejudicial. As such, any testimony, evidence, argument or comments regarding these publicized events should be barred. Fed. R. Evid. 401, 402, and 403. *See Saunders v. City of Chicago*, 320 F. Supp. 2d 735, 740 (N.D. Ill. 2004) (granting identical motion); *Heflin v. City of Chicago*, No. 95 C 1990, 1996 WL 28238 (N.D. Ill. Jan. 22, 1996).

Therefore, Defendants respectfully request that this Court enter an Order providing that Plaintiff, his attorneys, and witnesses are barred from questioning, introducing evidence about or arguing about any alleged recent events of alleged police misconduct -- or any alleged misconduct beyond what is at issue here -- including during opening and closing statements.

**4.      Motion to Preclude Testimony and References Regarding A "Code of Silence" or a "Blue Wall"**

Defendants seek to bar Plaintiff from offering any testimony, evidence, or argument that police officers lie, conspire, cover-up or otherwise maintain a "code of silence" or "blue wall" -- or any alleged misconduct beyond what is at issue here -- to protect their fellow officers. This Court should exclude such evidence because it is not relevant to the jury's determination of the credibility of the police testimony in this case and would be unfairly prejudicial to Defendants.

It is anticipated that Plaintiff will attempt to introduce at trial generalized testimony,

evidence, argument or suggestion of an alleged police "code of silence" or that there exists a "blue wall" maintained by the Chicago Police Department and/or police in general to protect fellow officers accused of wrong doing. However, evidence is admissible at trial only if it makes the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. Moreover, even when evidence is relevant, it should be excluded if its prejudicial effect substantially outweighs its probative value. Fed. R. Evid. 403.

Generalized allegations of a police "code of silence" or that police officers cover up for other police officers, are speculative, have no probative value, and any potential probative value is far outweighed by the danger of unfair prejudice. In a court of law, justice is dispensed based on evidence of articulated and proven facts, not on generalized assumptions and prejudices. See *Sanders v. City of Indianapolis*, 837 F. Supp. 959, 963 (S.D. Ind. 1992). The sole purpose for the introduction of this type of testimony or argument is to invoke images in the minds of jurors that officers run amok to protect their own, all in an attempt to bolster the Plaintiff's conspiracy claim. The jury's decision, however, must be based upon the facts of the case, not the speculation or rumination of witnesses regarding the general nature of police officers. In that regard such evidence is no different from bad acts or character evidence -- inadmissible under Fed. R. Evid. 404 -- except that it is more illusory because it has no particular connection to the Defendants in this case. Further, Plaintiff lacks any foundation to make this argument. Accordingly, pursuant to Rules 401, 402, 403 and 404(b), Plaintiff should be barred from adducing or presenting evidence of any alleged police "code of silence" or "blue wall" or making any arguments regarding the same, including during opening and closing statements. Fed. R. Evid. 401, 402, 403.

5.     **Motion to Preclude Testimony and Evidence Regarding "Aggressive Policing" by Specialized Police Units and the Disbanding of the Targeted Response Unit**

At the time of the incident, all of the Defendant Officers belonged to the Targeted Response Unit ("TRU"), a specialized police unit within the Chicago Police Department. During their respective depositions, the Plaintiff questioned each of the Defendants at length regarding the TRU's purpose or mission, the strategies that were utilized and the assignments given to the officers. Defendants anticipate that the Plaintiff will attempt to present testimony regarding the TRU, its mission and policing techniques employed by TRU members. Defendants anticipate that the Plaintiff will attempt to suggest and/or insinuate that the TRU used "aggressive policing" and similar terms that have a pejorative meaning or connotation such as having a propensity for or being willing to use excessive force or to condone the use of excessive force. References or mentions of "aggressive policing" and similar terms to suggest improper motivations or conduct by the officers should be barred as they are not relevant to this case pursuant to Fed. R. Evid. 402 and because the unfair prejudice of such terms would substantially outweigh any probative value. Fed. R. Evid. 403.

Further, the Defendants anticipate that the Plaintiff will attempt to present testimony or other evidence regarding the disbanding of the TRU. In 2011, following the election of Mayor Rahm Emanuel and the appointment of the new police Superintendent, Garry McCarthy, the TRU was disbanded in order to send more officers back to individual districts. Defendants anticipate that Plaintiff will attempt to elicit testimony in this regard in order to provide a false or unsupported negative inference to the jury that this unit was disbanded for some corrupt or scandalous reason. Testimony and evidence regarding the disbanding of this unit are not relevant to the issues in this case and should be precluded under Rule 402. Allowing the Plaintiff to present testimony regarding the disbanding of this unit without providing any factual foundation for the reasons

behind this disbanding would allow the jury to draw its own conclusions as to the reason for the disbandment. This would be misleading and lead to confusion of the jury, and thus similarly should be barred under Rule 403. In light of the media attention surrounding the Special Operations Section ("SOS"), this type of unfounded testimony would likely lead the jury to draw an unsubstantiated negative inference, one which would be highly prejudicial to the Defendants. Therefore, the Plaintiff should be barred from presenting testimony or evidence regarding the disbanding of the TRU.

**6.      Motion to Preclude Testimony and Evidence That Would Question the Propriety of the Initial Traffic Stop of Asa Jones, the Initial Stop of the Plaintiff or the Plaintiff's Arrest.**

Defendants anticipate that the Plaintiff will attempt to suggest that the officers intended to conduct: 1) an illegal or unjustified traffic stop, 2) an illegal search of the vehicle, Asa Jones, and the Plaintiff, 3) illegal or unjustified detention of the Plaintiff and Asa Jones. Plaintiff's Complaint includes allegations for excessive force, failure to intervene, conspiracy and assault and battery. There are no claims of illegal search, illegal seizure, false arrest or false imprisonment. Therefore, the initial traffic stop, the officers' attempts to identify the Plaintiff and the probable cause for the Plaintiff's arrest are not at issue. As they are not at issue, Plaintiff should be barred from suggesting that the stop or search were inappropriate or some manner of constitutional violation.

Additionally, Plaintiff was a passenger in the vehicle that was stopped and does not have standing to challenge the search that was conducted of the vehicle or of Asa Jones. *Rakas v. Illinois,* 439 U.S. 128, 148 (1978). Accordingly, the Plaintiff should be barred from testifying or otherwise presenting evidence that would suggest or allow the Jury to infer that there was anything improper about the initial traffic stop of Asa Jones. Similarly, the Plaintiff should be barred from testifying or otherwise presenting evidence that would suggest there was anything

improper about the Defendant Officers' attempts to identify the Plaintiff. Given that the Plaintiff's Complaint does not include any claims which challenge his arrest, any such testimony that would now question the propriety of the stop would only be offered to improperly influence and inflame the Jury and should be barred. In addition, the purported value of any such "evidence" is substantially outweighed by the danger of unfair prejudice and should be barred under Rule 403. The Plaintiff should not be allowed to distort the evidence and mislead the Jury by any argument or suggestion that the Defendant Officers' traffic stop was for any reason other than the fact that there had been a violation of the law. Arguing that the initial stop was improper or that aggressive policing suggests harassment of improper motivation by the officers should not be permitted.

7.    **Motion to Preclude Any Evidence or Reference to Violations of City of Chicago Police Department General Orders, Rules and Regulations.**

Defendants move *in limine* to bar Plaintiff from offering any testimony, evidence, or argument relating to any alleged violation of police department general orders, special orders, rules and regulations or suggesting that Defendant Officers may have breached or violated any such directives, regulations or orders. Violations of state statutes, local ordinances, or administrative or department regulations do not give rise to an action under §1983, unless the rights are guaranteed under the United States Constitution. *See e.g.*, *Davis v. Scherer*, 468 U.S. 183, 194 (1984); *Thompson v City of Chicago*, 472 F.3d 444, 455 (7th Cir. 2006); *Kraushaar v. Flanigan*, 45 F.3d 1040, 1048-49 (7th Cir. 1995); *Klein v. Ryan*, 847 F.2d 368, 374 (7th Cir. 1988); *Moore v. Marketplace Restaurant, Inc.*, 754 F.2d 1336, 1349 (7th Cir. 1985). Furthermore, courts look to federal law, not state or municipal regulations, to determine the existence and scope of personal liberties protected by the "reasonableness" standard under the Fourth Amendment. *See*, *Gordon v. Degelmann*, 29 F.3d 295, 301 (7th Cir. 1994); *Archie v. City of Racine*, 847 F.2d 1211, 1215-18 (7th Cir. 1988) (*en banc*); *see also*, *Graham v. Connor*, 490

U.S. 386 (1989). Therefore, whether the Defendants or any police officer allegedly violated any Chicago Police Department rules, regulations, or directives is irrelevant to Plaintiff's §1983 claims. Fed. R. Evid. 401, 402. If this Court were to permit Plaintiff to present evidence or suggest to the jury that the Defendants or any other police officer witness may have breached some obligation he had to his employer through an alleged rule violation would be confusing to the jury and unfairly prejudicial to the Defendants in the defense of this matter. Fed. R. Evid. 403. *See*, *Walker v. City of Chicago*, No. 91 C 3669, 1992 WL 317188, *4 (N.D. Ill. Oct. 27, 1992); Fed. R. Evid. 403. Therefore, any conceivable limited relevance is substantially outweighed by the danger of unfair prejudice, and such evidence or testimony should be barred.

In the instant case the most critical issue is whether the Defendant Officers' use of force was objectively reasonable under the circumstances. This is a key question for the jury to determine. However, this issue can only be determined by the jury's consideration of federal laws. Whether the Defendant Officers or any police officer violated Chicago Police Department rules, regulations, or directives is irrelevant and immaterial to Plaintiff's §1983 claims. *Thompson*, 472 F.3d at 453-55; Fed. R. Evid. 401 & 402. However, this motion does not seek to bar all reference to CPD General Orders, merely suggested or implied violations of such orders. Because the Defendants are accused of using excessive force in the instant case, the Defendants must be allowed to explain, for informational purposes, the CPD's rules and regulations regarding the use of force. To this end, Defendants intend to present testimony and evidence regarding the CPD's Use of Force General Order and attendant regulations and their training in the use of force. However, the Defendants will not present opinions on whether such directives were violated because as noted above, any such violation is not relevant to the Plaintiff's claims. Thus, reference to any purported violation of any CPD directive must be barred.

Accordingly, Plaintiff should not be permitted to inject any evidence of the possibility of a rules violation into these proceedings. Pursuant to Fed. R. Evid. 401, 402, and 403, Plaintiff should not be allowed to argue, present evidence, or imply that Defendants or any police officer witness may have violated the rules and regulations of the Chicago Police Department in any involvement with Plaintiff they may have had.

**8.      Motion to Preclude Any Mention of Indemnity and/or Insurance by the City of Chicago**

Any comment, testimony or evidence as to indemnification by the City of Chicago should be barred. Whether the City indemnifies the Defendant Officers is irrelevant to the issue of whether Defendants are liable for any acts they may have performed that caused Plaintiff's injuries. The only reason to mention this would be to signal to the Jury that "deep pockets" are available to pay any judgment. Such evidence or references are highly prejudicial and have no probative value. The Jury may believe that even if there is no liability, the Plaintiff should be compensated for their time and efforts in bringing this lawsuit, particularly in light of the fact that the City is the proverbial "deep pocket."  Such a signal runs afoul of federal and Illinois law that evidence of indemnification against liability is inadmissible as irrelevant and highly prejudicial to the issue of liability. Fed. R. Evid. 411; *Walker v. Sa*enz, 1992 WL 317188, *3 (N.D. Ill. Oct. 27, 1992); *Larez v. Holcomb*, 16 F.3d 1513, 1518 (9th Cir. 1994) (holding that instructions to Jury on indemnification in §1983 action required new trial). Although it is undisputed between the parties that the City has agreed to indemnify the officers for any compensatory damages assessed in this case, knowledge that the City will do so might encourage jurors to find for Plaintiff, regardless of the facts presented at trial. Such knowledge can also lead jurors to inflate an award out of sympathy or other irrelevant factors. The Seventh Circuit has held that "[i]n the general case courts exclude evidence of indemnification out of a fear that it

will encourage a jury to inflate its damages award because it knows the government – not the individual defendants – is footing the bill." *Lawson v. Trowbridge*, 153 F.3d 368, 379 (7th Cir. 1996); *see also Kemezy v. Peters*, 79 F.3d 33, 37 (7th Cir. 1996) ("When the defendant is to be fully indemnified, such evidence, far from being required, is inadmissible"). Accordingly, Plaintiff should be barred from introducing any evidence regarding indemnification by the City.

**9.      Motion to Preclude Any Testimony or Argument that the City Should be Punished**

Any argument that the jury should "send a message" to the City with its verdict, or that the jury should punish the City with its verdict should be barred. As a matter of law, Plaintiff cannot recover punitive damages from the City as a result of this occurrence. *See*, 745 ILCS 10/2-102. Sending a message, or punishment, cannot form the basis for any damages other than punitive damages. *Ramirez v. City of Chicago,* No.05 C 317, 2009 WL 3852378, *3 (N.D. Ill. Nov. 17, 2009). Accordingly, Plaintiff should not be permitted to imply to the jury at any time that punishment could serve as a legitimate basis for an award against the City.

**10.     Motion to Bar Evidence Regarding Prior Citizen Complaints, Disciplinary History or Other Civil Lawsuits for Alleged Police Misconduct Against Defendants**

Defendants believe that Plaintiff may attempt to introduce testimony and evidence relating to prior instances of alleged misconduct by Defendant Officers or other non-defendant officer witnesses that may be called to testify at trial. This evidence would most likely be, but not limited to, prior lawsuits and citizen complaints against the Defendant Officers. Defendants move to bar this evidence because it constitutes improper character evidence or propensity evidence under Fed. R. Evid. 404. Moreover, such evidence is hearsay, irrelevant, and any probative value it may have is substantially outweighed by the danger of unfair prejudice, confusion of issues, and is misleading to the Jury. Fed. R. Evid. 402, 403. Any conceivable limited relevance is substantially outweighed by the danger of unfair prejudice and should

therefore be excluded on that basis as well under Rule 403.

Any information or allegation that the Defendant Officers may have acted wrongfully in the past is nothing more than so-called "bad acts" evidence or "propensity evidence." Propensity evidence, however, is inadmissible under Fed. R. Evid. 404(b) to prove that a party acted on the occasion in question consistent with his alleged bad character. *See Huddleston v. United States*, 485 U.S. 681, 685 (1988); *United States v. Shriver*, 842 F.2d 968, 974 (7th Cir. 1988). In this case, Plaintiff's only purpose for introducing or suggesting such evidence would be to attempt to taint the Jury into believing that accusations of alleged misconduct had been brought against a particular Defendant Officer in the past, and therefore it is likely that the Defendant Officer acted in a similar manner under the circumstances presented here.

Although Rule 404(b) permits the admission of evidence of other acts, if such evidence is directed toward establishing a matter in issue other than a defendant's propensity to commit the act charged, the plaintiff will not be able to satisfy his burden under Rule 404(b) of explicitly articulating which exception to the general rule applies. *United States v. Zapata*, 871 F.2d 616, 620-21 (7th Cir. 1989). Moreover, even if there were some probative value in admitting this evidence, that probative value would be overwhelmingly outweighed by the danger of unfair prejudice. Fed. R. Evid. 403; *see also Berkovich v. Hicks,* 922 F.2d 1018, 1022 (2nd Cir.1991) (holding that the admission of evidence of other complaints against officers was irrelevant and overwhelmingly prejudicial to the defendant); *Lataille v. Ponte*, 754 F.2d 33, 34 (1st Cir. 1985) (prejudicial error to admit past disciplinary record). An Order barring such evidence is necessary to ensure a trial free of prejudicial material.

Finally, these same arguments would also apply if Plaintiff seeks to introduce any evidence of other litigation and/or complaints against any non-defendant police officer witnesses

who might be called to testify in these proceedings.

Therefore, Defendants request this Court enter an Order barring the Plaintiff from presenting testimony or evidence regarding prior citizen complaints, disciplinary histories or other civil lawsuits against the Defendant Officers or any other officer.

## 11. Motion to Preclude Plaintiffs' Counsel From Arguing About Discovery Issues And Requests In Front Of The Jury

Defendants move to prohibit Plaintiff's counsel from requesting Defendants or his attorneys to produce any information or documents from the Defendants in the presence and hearing of the jury. Also, the Defendants ask that Plaintiff's counsel be prohibited from arguing or implying that Defendants have not complied with or been diligent with respect to any discovery requests. Discovery issues at this stage are irrelevant to the issues in this case and any comment or reference to such would only be designed to confuse the jury. Issues of pre-trial discovery are for the Court to resolve, not the jury. (Fed. R. Evid. 401, 402, 403).

## 12. Motion to Preclude Improper Lay Opinion Testimony Regarding Plaintiff's Alleged Physical and Mental Health Injuries.

Plaintiff claims that he received physical injuries and suffers from mental and emotional stress as a result of the incident alleged in his Complaint. However, the Plaintiff has not disclosed a qualified expert witness in this case to testify regarding any such injury or damages suffered by the Plaintiff. It is expected that Plaintiff will attempt to testify to his own injuries and damages and may seek to call other witnesses to do the same.

Pursuant to Rule 701, opinion testimony by lay witnesses is limited only to those opinions or inferences where they are: a) rationally based on the perception of the witness; b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue; and c) not based on scientific, technical or other specialized knowledge within the scope of expert testimony. Fed. R. Evid. 701. "Lay opinion testimony is admissible only to help the jury

or the court to understand the facts about which the witness is testifying and not to provide specialized explanations or interpretations that an untrained layman could not make if perceiving the same acts or events." *United States v. Conn*, 297 F. 3d 548, 554 (7th Cir. 2002). Any testimony regarding the medical damages, diagnosis or causation of Plaintiff's injuries requires scientific, technical, or specialized knowledge that Plaintiff and any other lay witness do not possess. Such testimony may come from only a qualified expert who has been disclosed under Rule 26(a)(2). But because Plaintiff has not disclosed any witness pursuant to Rule 26(a)(2), Plaintiff and his witnesses should not be permitted to testify regarding Plaintiff's medical diagnoses, damages or causation of his injuries.

Defendants ask the Court to bar any lay witness testimony that Plaintiff may be suffering from any long-lasting or permanent physical injuries due to his interaction with the Defendant Officers. Any testimony regarding any long-lasting physical injury of Plaintiff (*e.g.* nerve damage) and its causation could only come from qualified expert witnesses. Plaintiff's statements related to the severity, causation and long-lasting effects are improper lay opinion testimony under Fed. R. Evid. 701, and should be barred.

It is also expected that Plaintiff will testify that the incident in this case caused him emotional distress. Yet, the Plaintiff did not seek out or receive any therapy or treatment for this alleged emotional distress. Plaintiff has not produced any documentation regarding any mental conditions or injuries, and the record is devoid of any professional diagnosis. Plaintiff's statements in his deposition are improper lay opinion testimony under Fed. R. Evid. 701, and should be barred. In addition, there is no probative value to any such trial testimony and such testimony and reference would unfairly prejudice the jury. Therefore, Plaintiff should be precluded from offering any such testimony or making any such argument that he suffered

emotional or mental injuries as a result of the incident at trial. (Fed. R. Evid. 401, 402, 403, 701 and Fed. R. Civ. P. 26). In short, Plaintiff cannot diagnose himself. The fact that he never bothered to seek treatment for his alleged "emotional injuries" does not allow him to interpose his own self-diagnosis in front of the Jury.

13.    **Motion to Bar Any Comment on the City's Failure to Call Witness or Produce Evidence**

Plaintiff may attempt to convey to the jury that by choosing not to call a particular witness or present evidence, Defendants are hiding exculpatory evidence, or that if the Defendants choose not to call a witness, that fact reflects poorly on their case, that the testimony of said witness would harm the Defendants' case, or that certain evidence may have existed which the Defendants did not present because it either harmed their case or supports Plaintiff's case. Defendants are under no obligation to put on evidence in their defense, and any argument or implication to the contrary would be improper. Indeed, these issues will also come up in the Plaintiff's Proposed Jury Instructions. However, Plaintiff must be barred in the first instance, from attempting to introduce or reference any such evidence. The Instructions should not be used to "unring the bell."

14.    **Motion to Bar Testimony and Evidence Related to the Suspect Narcotics Found on Plaintiff's Person at the Time of His Arrest, Related Charges and the Related Testimony of Daniel Beerman and Edward Leach.**

The Plaintiff was arrested on May 27, 2007 on a warrant for Bank Robbery and an investigative alert for vehicular hijacking. After the Plaintiff was tasered, the Plaintiff was handcuffed and then searched. It was at this time that the Defendant Officers discovered a bag of white flaky substance which they believed to be suspect narcotics. The suspect narcotics were collected and inventoried. Upon further testing it was discovered that the contents of the bag did not contain any traces of narcotics or illegal substances. While the Plaintiff was charged with

possession of a controlled substance, that charge was later dismissed. The discovery of the suspect narcotics and the decision to charge the Plaintiff with possession were both subsequent to the conduct (*i.e.* excessive force) which Plaintiff complains about in his Complaint. Further, the Plaintiff was already under arrest on the warrant for Bank Robbery and for several counts of Aggravated Battery to certain of the Defendant Officers when the suspect bag was found.

The basis of Plaintiff's Complaint is that the Defendant Officers used an excessive amount of force when they arrested him. The Plaintiff's Complaint does not include a claim for false arrest or malicious prosecution related to his arrest for possession. The suspect narcotics were not even a basis for the Plaintiff's initial stop or his initial arrest. Therefore, the suspect narcotics are not relevant to the Plaintiff's claims and the Plaintiff should be precluded from presenting testimony or evidence regarding the bag that was found on Plaintiff's person, including the dismissal of the subsequent charges. Fed. R. Evid. 402. In considering a claim for excessive force, the jury must determine if the Defendants' use of force was objectively reasonable. *Graham v. Connor,* 490 U.S. 386, 395 (1989). The objective reasonableness of the force used by Defendants is determined from the "perspective of a reasonable officer on the scene." *Payne v. Pauley,* 337 F.3d 767, 778 (7th Cir. 2003). "The reasonableness analysis of alleged excessive force is fact-specific and depends on the totality of the circumstances surrounding the encounter with the police." *Estate of Phillips v. City of Milwaukee,* 123 F.3d 586, 592 (7th Cir. 1997), *as cited in Flores v. Lackage,* 2013 WL 1340567, *11 (N.D. Ill. March 31, 2013). The totality of the circumstances includes only the information known to the officer at the time he decided to use force. *Sherrod v. Berry,* 856 F.2d 802, 804-804 (7th Cir. 1988). In light of the undisputed fact that the suspect narcotics were not within the realm of information known to the Defendants at the time that the force was used as Plaintiff claims, the discovery of

the suspect narcotics is irrelevant to the Plaintiff's claim for excessive force as well as his other claims. Therefore, the Plaintiff should be barred from introducing any testimony or evidence related to the suspect narcotics.

Because the suspect narcotics are not relevant to the Plaintiff's claims, any testimony or evidence regarding the contents of the bag or the testing that was conducted is also irrelevant. Fed. R. Evid. 402. Further, testimony of Edward Leach and Daniel Beerman which the Plaintiff intends to elicit related to the contents of the suspect narcotics would also be irrelevant and should also be barred pursuant to Fed. R. Evid. 402.

**15.     Motion to Preclude Reference to or Testimony Concerning the Ultimate Disposition of Asa Jones Citations or Arrest Resulting from the Traffic Stop on May 27, 2007.**

The Plaintiff intends to call Asa Jones as a witness in his case in chief. Mr. Jones was the driver of the vehicle that was stopped by three of the Defendant Officers for a traffic violation on May 27, 2007. The Plaintiff was a passenger in that vehicle. After the vehicle was stopped, Mr. Jones was arrested and given citations for driving without a license and driving a vehicle with an inoperable headlight. The Defendants anticipate that the Plaintiff will attempt to present testimony and evidence regarding the ultimate disposition of Mr. Jones' citations. However, such testimony and evidence would not be relevant to the Plaintiff's claims of excessive force and therefore should be barred. Fed. R. Evid. 402. Further, evidence of the dismissal of these citations would be prejudicial to the Defendants and the prejudicial effect would substantially outweigh any probative value because it would only serve to mislead the jury. *Fitzpatrick v. City of Fort Wayne,* 259 F.R.D. 357, 366 (N.D. Ill. 2009); Fed. R. Evid. 403.

Mr. Jones is not a party to this case and his arrest and the citations given to him are not at issue. Further, the Plaintiff lacks any standing to contest Mr. Jones' arrest or the citations that were given to him by the officers. The ultimate disposition of Mr. Jones citations was clearly not

information known to the Defendant Officers at the time of the Plaintiff's arrest and the conduct which Plaintiff complains about. It is therefore irrelevant to the reasonableness analysis required for an excessive force claim. *Sherrod,* 856 F.2d at 804. Therefore any testimony or evidence related to the disposition of Mr. Jones' arrest and the citations he received should be barred.

16. **Motion to Preclude References to or Testimony Concerning the Impoundment or Ultimate Disposition of Asa Jones and/or Latesa Jones' Vehicle.**

The vehicle driven by Mr. Jones on May 27, 2007, is believed to have been owned by his mother, Latesa Jones. Just before the Plaintiff's arrest, he was a passenger in that vehicle. As stated above in Defendants' Motion *in Limine* No. 14, on the night in question, the Plaintiff was searched and suspect narcotics were found on his person. In light of this discovery, the vehicle was then impounded as required by City ordinance. The vehicle was never retrieved from impound and is believed to have been destroyed. Evidence or testimony regarding the impoundment of the vehicle and the ultimate disposition of the impound proceedings, including the destruction of the vehicle should be barred. Fed. R. Evid. 402. The vehicle was allegedly owned by Latesa Jones. Neither Asa Jones nor Latesa Jones is party to this case. The Plaintiff has no standing to even raise any allegations or claims regarding the disposition of a vehicle that the Plaintiff does not own. *See., e.g., McSpadden v. Marozas,* No. 96 C 6981, 1998 WL 142452 (N.D. Ill. March 23, 1998). There is no evidence that the Defendant Officers were in any way involved with the disposition of this vehicle beyond its impoundment. Evidence and testimony regarding the impoundment and destruction of this vehicle is not relevant to any of the Plaintiff's claims (Fed. R. Evid. 402), nor could they be. Such evidence and testimony would only be prejudicial to the Defendants and should be barred. Fed. R. Evid. 403.

17. **Motion To Bar Testimony of Latesa Jones**

Plaintiff has included Latesa Jones on his witness list. Ms. Jones was allegedly the owner

of the vehicle in which the Plaintiff was a passenger just prior to his arrest on May 27, 2007. Ms. Jones was not present at the time of the Plaintiff's arrest on May 27, 2007, nor is there any evidence that Ms. Jones witnessed any of the events complained of in Plaintiff's Complaint. Further, Ms. Jones was never disclosed as a witness for the Plaintiff during discovery pursuant to Fed. R. Civ. P. 26. The subject of Ms. Jones' anticipated testimony would be the condition of the vehicle at the time that the Plaintiff was arrested. *See* Proposed Pre-Trial Order, Plaintiff's Schedule 2-A. Such testimony and evidence would not be relevant to the Plaintiff's claims and should be barred. Fed. R. Evid. 402. Further, as set forth above, any testimony related to the condition of the vehicle or the ultimate disposition of the vehicle is also irrelevant and prejudicial and therefore Ms. Jones' testimony in that regard should be barred pursuant to Rule 402 and 403.

Accordingly, Ms. Jones should be barred as a witness as she does not have any knowledge regarding the events complained of by the Plaintiff and her testimony would be irrelevant and prejudicial and not in accordance with Rules 401, 402 and 403. (Fed. R. Evid. 401, 402). She should also be barred as she was not properly disclosed as a witness in discovery and her anticipated testimony would be unfairly prejudicial to the Defendants. Fed. R. Civ. Proc. 26 and 33.

## 18. Motion to Bar Plaintiff's Use of Certain Photographs

It is expected that Plaintiff will attempt to offer testimony at trial that he suffered a broken finger as a result of the arrest that gave rise to his complaint. That anticipated testimony -- from Plaintiff or any other witness -- is the subject of Defendants' Motion *in Limine* No. 12. Related to that Motion is Plaintiff's anticipated use of a photograph (Pl.'s Ex. 51; LEE0281) that improperly attempts to convey to the Jury information regarding or an impression of Plaintiff's claimed medical condition. Plaintiff should be barred from using that photograph as evidence or

otherwise publishing that photograph to the jury.

As noted in Defendants' Motion *in Limine* No. 12, Plaintiff has not identified any expert witness to support any medical diagnosis. Nor can Plaintiff repeat in court what diagnosis he may have been given. Statements made by a medical provider to a witness are inadmissible hearsay if offered by the witness to prove the truth of the matters asserted, and Fed. R. Evid. 803(4) does not except those statements. *Thakore v. Universal Mach. Co. of Pottstown, Inc*., 670 F. Supp. 2d 705, 714 (N.D. Ill. 2009) citing *Bombard v. Fort Wayne Newspapers,* 92 F.3d 560 (7th Cir.1996) (holding "Rule 803(4) does not purport to except, nor can it reasonably be interpreted as excepting, statements by the person providing the medical attention to the patient); *see also*, *Bulthuis v. Rexall Corp.,* 789 F.2d 1315, 1316 (9th Cir.1985) (holding "Rule 803(4) applies only to statements made by the patient to the doctor, not the reverse."). Thus, Plaintiff can neither offer a lay opinion regarding his alleged injuries (Defs.' Motion *in Limine* No. 12), nor can he repeat what he may have been told by a medical provider regarding his injuries.

Plaintiff cannot offer hearsay testimony of an alleged medical condition such as a broken finger as told him by a medical provider, in order to prove that his finger was broken. Nor should Plaintiff be allowed to introduce any photographs, including Plaintiff's Exhibit 51 (LEE0281), that purport to convey to the jury his medical treatment, diagnosis, or condition. While Plaintiff's Exhibit 51 may well depict Plaintiff sometime after his arrest, it also depicts him in a manner that 1) cannot be explained by a witness disclosed by Plaintiff with the requisite expertise, and 2) cannot be explained without hearsay. Without medical testimony to identify the injuries for which Lee received treatment, the photograph lacks foundation. As noted above, Plaintiff cannot testify regarding what the medical providers told him regarding his condition or the need for the sling and bandage depicted in Plaintiff's Exhibit 51.

In short, Plaintiff can only be attempting through the use of Plaintiff's Exhibit 51 the suggestion of injuries and a diagnosis to remedy Plaintiff's failure to identify a qualified medical expert witness and to accomplish indirectly what Plaintiff cannot accomplish directly under Fed. R. Evid. 802. Plaintiff cannot offer lay opinions regarding the need for the sling and bandage, nor can Plaintiff inform the jury regarding what he may have been told regarding any potential diagnosis that necessitated the sling and bandage. The photograph lacks the proper foundation and is an improper attempt to remedy what would otherwise be Plaintiff's use of hearsay to substantiate his claimed medical condition.

The photograph should also be barred under Fed. R. Evid. 403, as it would unfairly prejudice the Defendant Officers by suggesting Plaintiff suffered from a medical condition for which Plaintiff has otherwise offered no evidence or proper testimony. The photograph would confuse and mislead the jury into believing that Plaintiff suffered significant injuries incident to his arrest, and -- because there is no witness who can testify regarding a medical diagnosis -- the jury would be left to speculate regarding the nature of those injuries. Thus Plaintiff's Exhibit 51 (LEE0281) -- or any other photograph that Plaintiff attempts to offer into evidence or publish to the jury -- that attempts to depict medical treatment for a condition Plaintiff relates to his arrest should be barred.

**19. To Bar Evidence and Testimony related to Discovery Motions and Findings in Plaintiff's Criminal Matter**

It is expected at trial that Plaintiff will attempt to introduce testimony regarding documents or materials related to his arrest and the incident giving rise to his Complaint sought from, but allegedly not produced by, the Chicago Police Department during the course of his criminal trial. Plaintiff has offered a number of exhibits, presumably related to this claim of "missing" evidence, including a Petition for Rules to Show Cause, an Order, and a Subpoena in

Plaintiff's criminal case. (Pl.'s Ex. 13, 14, 15). All proposed exhibits relate to Plaintiff's alleged attempts in his criminal case to obtain "any and all recordings" related to his arrest, including "video recordings from street, patrol car, or other surveillance monitors."

Plaintiff has also offered a proposed jury instruction seeking an adverse inference for missing evidence. That Illinois pattern instruction does not state the law. Federal, not state, evidentiary law governs a federal trial. *Barron v. Ford Motor Co.,* 965 F.2d 195, 198-99 (7th Cir. 1992). Seventh Circuit Pattern Jury Instruction 1.20 governs spoliation/destruction of evidence and the requirements to obtain such an instruction. In order to obtain an adverse inference instruction, the proponent of the instruction must show that material existed, was destroyed, and was destroyed in bad faith. *Trask-Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 681 (7th Cir. 2008). In order to show bad faith, Plaintiff must show that documents sought were destroyed for the specific purpose of hiding adverse information -- it is not enough to simply claim that the documents were destroyed intentionally. *Norman-Nunnery v. Madison Area Technical College*, 625 F.3d 422, 428 (7th Cir. 2010). As such, if documents sought were destroyed pursuant to a regular business practice, an adverse inference instruction is not warranted unless the proponent of such an instruction also has evidence that the documents or materials were destroyed in bad faith in order to hide adverse information. *Faas v. Sears, Roebuck & Co.*, 532 F.3d 633, 644 (7th Cir. 2008).

In the present case, there is no evidence that the materials Plaintiff sought in the criminal case -- as outlined in Pl.'s Ex. 13, 14, and 15 -- even existed, much less were destroyed in bad faith in order to hide adverse information. Despite this, Plaintiff has expressed the intent to introduce as evidence before the jury a discovery motion, subpoena, and order from a separate criminal proceeding to somehow suggest that Plaintiff sought documents that were not produced,

and bootstrap into those requests in his criminal case an adverse inference instruction in his civil case. That is simply not the law that supports an adverse inference instruction. Plaintiff cannot re-litigate the discovery grievances from his criminal case before the jury here. In addition, Plaintiff cannot remedy his failure to meet the legal requirements for an adverse inference instruction by suggesting to the jury -- through Pl.'s Ex. 13, 14, and 15 -- that documents and information were sought by Plaintiff in his criminal trial and that the absence of those materials should be construed against Defendant Officers here.

An adverse inference instruction is not warranted, and Plaintiff, his counsel, and any other parties should be barred from presenting or eliciting and testimony, evidence, or argument concerning an adverse inference or "missing evidence," and should be similarly barred from introducing or referring to Plaintiff's alleged attempts to obtain discovery in his criminal or any other proceeding, including by the use of Plaintiff's Exhibits 13, 14, and 15. Plaintiff should be barred from offering or eliciting any testimony that a video recording of his arrest existed and was destroyed, or that the absence of any video recording should reflect negatively on the Defendant Officers.

**20. Motion to Bar Reference to or Testimony Regarding Certain Allegations in the Complaint**

It is expected that Plaintiff will attempt to introduce at trial evidence related to a "bag containing a white powdery substance" that Plaintiff alleges 1) was not on his person at the time of his arrest, and 2) served as the basis of false allegations of possession of a controlled substance. (Doc. #82, Compl. ¶¶ 23, 24). Plaintiff is expected to introduce at trial evidence to support that the "bag containing white powdery substance" referred to in his Complaint was, in fact, some form of instant mashed potatoes. Presumably in support of this assertion, Plaintiff has identified as potential physical exhibits three boxes of different brands of instant mashed

potatoes. (Proposed Pretrial Order Schedule 3-A, Pl.'s Ex. 103, 104, 105). However, any such testimony and exhibits are irrelevant to the issues in this case as alleged in Plaintiff's Complaint. Even were such testimony and exhibits somehow deemed to be relevant, their probative value would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, and the Jury being misled.

Evidence is admissible at trial only if it makes the existence or any fact that is of consequence to the determination of the action more probably or less probable than it would be without the evidence. Fed. R. Evid. 401. In the present case, Plaintiff alleges that the Defendant Officers 1) used excessive force in effectuating the arrest on May 27, 2007, in violation of Plaintiff's constitutional rights; 2) conspired to deprive Plaintiff of his constitutional rights through the use of excessive force; 3) failed to intervene while Plaintiff's constitutional rights were being violated; 4) willfully and wantonly committed an assault and battery on Plaintiff.

The allegations surrounding the "bag containing a white powdery substance" and any initial charges against Plaintiff (Compl. ¶¶ 22, 23, 24) are likewise not relevant to any element of Plaintiff's claims. The bag is not relevant to a claim for excessive force, conspiracy, or the failure to intervene, and Plaintiff is not making a claim for wrongful arrest or malicious prosecution. *Uboh v. Reno*, 141 F.3d 1000, 1003 (11th Cir. 1998) (*citing Smart v. Board of Trustees of Univ. of Illinois*, 34 F.3d 432, 434 (7th Cir. 1994), and holding that claims arising out of charges based on alleged false evidence must be brought as claims for malicious prosecution under the Fourth Amendment).

A number of other allegations in Plaintiff's Third Amended Complaint do not make any fact that is of consequence to the determination of the action more or less probable than without the evidence. The allegation of "passing gas" (Compl. ¶ 21) is not relevant to any element of

Plaintiff's claims and is not actionable. *See, e.g., Malone v. City of Louisville*, No. 08cv527, 2010 WL 1416693, at *7 (W.D. Ky. March 31, 2010) (finding that plaintiff had not alleged facts to demonstrate a §1983 claim against an officer that allegedly "allowed another inmate to pass gas in Plaintiff's face" but did not allege that the officer struck the plaintiff). Finally, the allegation that the Defendant Officers were "blocking the abuses from public view" (Compl. ¶35) is not relevant to a claim of conspiracy and is not actionable.

Even were those allegations or those proposed exhibits to be relevant, they should still be excluded. Relevant evidence should be excluded if its prejudicial effect substantially outweighs its probative value. Fed. R. Evid. 403. In the present case, any discussion of the "bag containing a white powdery substance" and any use of boxes of instant mashed potatoes would give the improper suggestion to the jury that Plaintiff was not properly arrested -- potentially relevant in a claim for wrongful arrest but not at all relevant in a claim for excessive force. In addition, the jury could reasonably be confused and misled by the discussion about the "white powdery substance" and whether that substance was or was not instant mashed potatoes when the presence of that material was likewise not the basis of Plaintiff's arrest.

The allegation regarding "passing gas" is also unfairly prejudicial, were it even considered to be relevant. The allegation and any testimony regarding that allegation is only being offered to paint Defendant Officer Rayl in a bad light, and to entice the jury to pass judgment on Officer Rayl for conduct that, even if true, does not constitute the use of excessive force, evidence of a conspiracy, a failure to intervene, or assault and battery. Any possible probative value of the testimony is far outweighed by its prejudicial effect.

For these reasons, Defendants seek an order barring Plaintiff from testifying or eliciting testimony regarding the "bag containing a white powdery substance," the "passing gas," and the

"blocking the abuses from public view," or using as an exhibit any item that would be in furtherance of such argument or suggestion.

**21.    Motion to Bar Testimony and Argument of a Failure to Provide Medical Care or Delay in Providing Medical Care**

Defendants anticipate that the Plaintiff may suggest that the Defendants, other police officers or emergency personnel prevented timely or effective treatment of Plaintiff or delayed or defeated the rendering of medical care to him.  Plaintiff has made a claim for denial of medical care.  Therefore, testimony regarding any delay or failure to provide medical care would be irrelevant to the claims of the Plaintiff which all center on the reasonableness of the force used by the Defendant Officers.  Further, the substantial prejudice of such testimony would greatly outweigh any probative value such testimony may have.  Fed. R. Evid. 403.  Therefore, the Plaintiff should be barred from offering testimony, evidence or argument that there was a delay or failure to provide the Plaintiff with medical care.

**22.    Motion to Bar Testimony and Argument that the Defendants Delayed the Trial**

There is no evidence that Defendant, his attorneys, or his agents unduly delayed Plaintiff's trial. Any implication that Plaintiff has waited a long time in order to have his day in court and attributing that time solely to Defendants would be improper.  And in any event, such evidence or argument would be irrelevant and prejudicial to Defendants. Fed. R. Evid. 402, 403.

**23.    Motion to Bar Testimony and Argument of Racial Animus.**

Defendants believe that Plaintiff will attempt to elicit testimony or argue that the actions of the Defendants were racially motivated.  Any attempts to elicit such testimony or to make such an argument should be barred because there is no evidentiary foundation for these contentions and the claims are not relevant to any material issue.  Thus, all testimony and argument concerning racial animus or bias should be barred because it would only serve to

inflame the jury and result in unfair prejudice to the Defendants that would substantially outweigh any probative value. Fed. R. Evid. 403.

The Plaintiff is African-American. The Defendant Officers are all Caucasian. However, there is no evidence to suggest that those innocuous facts played any part in the Defendant Officers' actions or inactions with respect to the Plaintiff. There is no evidentiary basis to conclude that Plaintiff was the target of racial animus by the Defendant Officers or any other police officer. Furthermore, the Plaintiff did not assert any race-based causes of action in this case. Therefore, any testimony or arguments concerning or focusing on race have no relevance to the material issues in this case. Fed. R. Evid. 402. Moreover, any reference, argument or attempt to elicit testimony regarding racial profiling in general within the Chicago Police Department or any witness' personal or professional opinion with regard to racial profiling should be barred for the same reasons. Any such suggestion or argument would be highly prejudicial to the Defendant Officers and thus should be barred under Fed. R. Evid. 403. Therefore, Plaintiff should be barred from eliciting testimony, referencing or making arguments that the actions or inactions of the Defendant Officers were motivated by race or that the Defendant Officers or other police personnel are racist.

**WHEREFORE**, Defendants respectfully request this Court grant the foregoing motions *in limine* and, where applicable, order that Plaintiff and his witnesses and attorneys be ordered not to mention, refer to, adduce, interrogate concerning, voluntarily answer, introduce any physical evidence concerning or attempt to convey to the jury at any time during these proceedings in any manner, directly or indirectly, the subject matter as stated above, and that each counsel be instructed to warn and caution each and every witness under their control appearing in their litigation to strictly comply with the ruling of the Court.

26

Dated: May 16, 2013

Respectfully Submitted,

/s/  Tracey A. Dillon
One of the Attorneys for the Defendants

Christopher S. Hennessy (ARDC No. 6237293)
Tracey A. Dillon (ARDC No. 6255851)
Meckler Bulger Tilson Marick & Pearson LLP
123 North Wacker Drive, Suite 1800
Chicago, Illinois  60606
Telephone:     (312) 474-7900
Fax:               (312) 474-7898

## CERTIFICATE OF SERVICE

I, Tracey A. Dillon, hereby certify that I electronically filed the preceding Defendants'
Motions *in Limine* on May 16, 2013, with the Clerk of the Court using the CM/ECF system
which will send notification of such filing to the parties.


/s/ Tracey A. Dillon
Tracey A. Dillon