THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NICKOLAS LEE,<br><br>            Plaintiff,<br><br>   v.<br><br>CITY OF CHICAGO, MARK DUIGNAN,<br>MURPHY RAYL, ANDREW RILEY,<br>RONALD TURNER, JOSEPH MCINERNEY,<br>and DANIEL BINFA,<br><br>            Defendants. | Case No. 09-cv-3166<br><br>Judge Edmond E. Chang |

**PROPOSED PRETRIAL ORDER**

I.  **JURISDICTION**

This action arises under the Civil Rights Act, 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the Constitution of the United States, and this Court has jurisdiction over those federal claims under 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367, as the state law claims are so related to the claims over which this Court has original jurisdiction that they form part of the same case or controversy.

II.  **TRIAL ATTORNEYS**

   A.  For Plaintiff:

   Timothy J. Barron, tbarron@jenner.com
   Benjamin J. Bradford, bbradford@jenner.com
   Michael Skopets, mskopets@jenner.com
   H. Ashley Chi, achi@jenner.com

   Jenner & Block LLP
   353 N. Clark Street
   Chicago, Illinois 60654
   Phone: (312) 840-7222
   Fax: (312) 840-7322

   B.  For Defendants:

   Christopher Sean Hennessy, chris.hennessy@mbtlaw.com
   Tracey A. Dillon, tracey.dillon@mbtlaw.com

   Meckler Bulger Tilson Marick & Pearson LLP
   123 North Wacker Drive, Suite 1800
   Chicago, Illinois 60606
   Phone: (312) 474-7900
   Fax: (312) 474-7898

III.  **CASE STATEMENT**

   A.  Description of the nature of the case

This is a case brought by the Plaintiff, Nickolas Lee, alleging civil rights violations against the six individual Defendant Officers, Mark Duignan, Murphy Rayl, Andrew

Riley, Ronald Turner, Joseph McInerney, and Daniel Binfa, during his arrest on May 27, 2007.  Mr. Lee asserts five claims against the Defendants in this case.

Mr. Lee alleges that the six Defendant Officers used excessive force against him in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

Mr. Lee also alleges that the individual Defendant Officers failed to intervene to prevent the commission of excessive force against him, and conspired to violate his constitutional rights.

In addition,  Mr. Lee alleges that the Defendant Officers' actions also constituted assault and battery under Illinois law, and Defendant City of Chicago is therefore liable.

The Defendants deny each of the Plaintiff's claims.

## IV. TRIAL LENGTH/NUMBER OF JURORS

The parties anticipate that the trial should last approximately five days, including time for jury selection.

The parties recommend the selection of eight (8) jurors.

## V. STIPULATIONS AND UNCONTESTED FACTS

The parties' stipulations and uncontested facts are attached to this Proposed Pretrial Order as Schedule 1.

## VI. WITNESS DESCRIPTION LISTS

The parties' witness lists are attached to this Proposed Pretrial Order as Schedule 2-A (Plaintiff's Witnesses) and Schedule 2-B (Defendants' Witnesses).

## VII. EXHIBITS AND EXHIBITS CHARTS

The parties' exhibit charts are attached to this Proposed Pretrial Order as Schedule 3-A (Plaintiff's Exhibits) and Schedule 3-B (Defendants' Exhibits).

The parties reserve the right to supplement and/or amend these exhibit lists, with sufficient notice to the other side. **[Defendants oppose this language and assert that the pre-trial order should state:  This Order will control the course of the trial and may not be**

**amended except by consent of the parties and the court, or by order of the court to prevent manifest justice.]**

Each party reserves the right to object to the relevancy of any evidence offered by the other party, at the time such evidence is offered, in view of the specific context in which such evidence is offered.

The parties are continuing to meet and confer in an effort to narrow the number of disputes and exhibits. The parties reserve certain rights, as stated in each party's exhibit lists.

## VIII. DAMAGES ITEMIZATION

### A. Compensatory Damages

The Plaintiff seeks compensatory damages including monetary compensation for physical pain, discomfort, disfigurement, and suffering, mental and emotional pain and suffering, and all other injuries allegedly inflicted by Defendant Officers on or about May 27, 2007. Plaintiff also claims that he is entitled to recover prejudgment interest on all damages awarded. The Defendants deny that the Plaintiff has suffered any damages and deny that Plaintiff is entitled to any award of damages whatsoever.

### B. Punitive Damages

Plaintiff also seeks punitive damages, including damages sufficient for deterrence and retribution in view of the character and degree of the wrong and the necessity of preventing a similar wrong. The Defendants deny that the Plaintiff is entitled to punitive damages.

## IX. MOTIONS IN LIMINE

Summaries of the parties' Motions *in Limine* are attached to this Proposed Pretrial Order as Schedule 4-A (Plaintiff's Motions *in Limine*) and Schedule 4-B (Defendants' Motions *in Limine*).

X.   **VOIR DIRE QUESTIONS**

    A.   Court's Standard Background Questions

       1. Your name

       2. The name of the city, village, or town in which you live. If you live in the City of Chicago, please tell us what part of the City. Also, if you haven't lived at your current home for more than 5 years, please tell us where else you have lived in the last 5 years. And do you rent or own?

       3. How far did you go in school and what degrees do you have?

       4. Your employment information for the past 10 years:

          a. Name and nature of the business or employer, and where located;

          b. Brief general description of your job duties.

       5. Family information and their employment information:

          a. If married, your spouse's employment information for the past 10 years.

          b. If you have children, their ages and employment information (if any) for the past 10 years; and if any of them are married, the same employment information for your child-in-law.

          c. If any other adult lives in your household (e.g., any parent, brother, sister, boyfriend or girlfriend or anyone else), the same employment information about that person.

       6. Your major hobbies or interests, including what materials you like to read. Where (if anywhere) do you get your news? What television programs, if any, do you regularly watch?

       7. Do you know [witness name]? [Asked for each witness.]

    B.   Parties' Agreed-Upon Questions

       1. Do you know any of the attorneys representing either party?

       2. Do you know or are you related to anyone in law enforcement, *e.g.,* police officers, correctional officials, or prison officials? Are any of them members of the Chicago Police Department?

          a. Who? What is your relationship?

       3. Do you know or are you related to any prosecutors or assistant U.S. attorneys?

       a. Who? What is your relationship?

4. Have you ever been the victim of a crime? Do you know anyone who has been a victim of a crime?

       a. Who? What crime?

5. Do you have any concerns that you and your other jurors will determine whether Lee's constitutional rights were violated?

6. Do you have any concerns about rendering a verdict against a Police Officer concerning the Officer's violation of someone's constitutional rights?

7. What magazines do you read?

8. Have you or anyone you know ever had to call the police for help? If so, do you believe the police responded in a professional and appropriate manner?

9. Have you ever had to go to a police station for any reason? If yes, could you explain what the circumstances were?

10. Have you or do know whether a member of your family or a friend has ever had an unpleasant or negative experience with the police? If yes, were any of these unpleasant experiences involving the Chicago Police Department?

11. Do you know anyone who has ever been arrested? If so, did you discuss the arrest with that person?

12. Will you be able to judge this case on the evidence and the law, and not on your own opinions about how police officers should behave?

C.    Plaintiff's Proposed Follow-up Questions

1. This case is about an individual's constitutional civil rights and the use of excessive force by Chicago Police Department Officers. In May 2007, the Plaintiff, Nickolas Lee, was stopped by Chicago police officers, including Mark Duignan, Murphy Rayl, Andrew Riley, Ronald Turner, Joseph McInerney, and Daniel Binfa, who used force in an attempt to arrest him.

       a. Do you have any prior knowledge of the facts or parties in this case?

       b. If yes, what is that knowledge?

**[Defendants object to question 1. This question provides an inappropriate and not agreed upon summary of the alleged facts in this case and will only serve to prejudice the potential jury pool.]**

2. Do you have any prior knowledge about the Chicago Police Department's Targeted Response Unit?

6

> **[Defendants object to question 2. This question is an attempt to prejudice the jury pool against the individual Defendant Officers who were all members of this unit. The form and tone of this question implies that there was some problematic or other corrupt reason as to why this unit is no longer apart of the police department. This is not an issue in the case and such a question will only serve to taint the potential members of the jury.]**

3. Do you think that sometimes it might be appropriate for a police officer to use heightened force against a suspect because of the specific nature of a police officer's responsibilities?

   **[Defendants object to question 3. This is the ultimate question in this case and is an impermissible question. This question also misstates the law and suggests the undefined term "heightened force" is an appropriate inquiry.]**

4. Do you think that if the evidence supports it, you could render an award of punitive damages to punish a defendant for his conduct and to serve as an example or warning to Defendant and others not to engage in similar conduct in the future?

   **[Defendants object to question 4 – after the words punitive damages. The Plaintiff's perceived reason for seeking such damages is not a permissible question to ask of the jury and is an improper attempt to provide the jury with its perceptions and opinions before the case has even begun.]**

D. Defendants' Proposed Follow Up Questions

1. Are you less likely to believe a police officer's testimony because it comes from a police officer?

   **[Plaintiff requests that the question is revised to be "Are you <u>more likely or less likely</u>…" to be balanced.]**

2. Do you believe that some lawsuits are frivolous or without merit?

   **[Plaintiff objects to question 2. The form and tone of this question is improper and provides the jury with Defendants' perceptions and opinions before the case has even begun.]**

3. Do you understand that the plaintiff has the burden of proof in this case?

   **[Plaintiff objects to question 3 because it is a statement of law. As such, it is premature and should be properly addressed in the jury instructions.]**

4. Do you respect police officers? If your answer is no, why not?

>[Plaintiff objects to question 4. The form and tone of this question is improper and provides the jury with Defendants' perceptions and opinions before the case has even begun.]

## XI. JURY INSTRUCTIONS/VERDICT FORMS

The jury instructions and verdict forms proposed by the parties are attached to this Proposed Pretrial Order as Schedule 5.

Respectfully submitted,

| | |
|---|---|
| Nickolas Lee | Defendants |
| By: */s/ Timothy J. Barron* | By: */s/ Christopher Sean Hennessy* |
| Counsel for Plaintiff | (with permission) |
| | Counsel for Defendants |
| Timothy Barron | |
| Benjamin J. Bradford | Christopher Sean Hennessy |
| Michael Skopets | Tracey A. Dillon |
| | |
| Jenner & Block LLP | Meckler Bulger Tilson Marick & Pearson LLP |
| 353 N. Clark Street | 123 North Wacker Drive, Suite 1800 |
| Chicago, Illinois 60654 | Chicago, Illinois 60606 |
| Phone: (312) 840-7222 | Phone: (312) 474-7900 |
| Fax: (312) 840-7322 | Fax: (312) 474-7898 |

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2013, a true and correct copy of the preceding

**PROPOSED PRETRIAL ORDER** and all attachments thereto was filed with the Clerk of

Court pursuant to the Court's CM/ECF procedures, which effected service on the following

counsel of record for Defendants:

| | |
|---|---|
| Richard Arthur Devine | richard.devine@mbtlaw.com |
| James John Knibbs | james.knibbs@mbtlaw.com |
| Tracey A Dillon | tracey.dillon@mbtlaw.com |
| Christopher Sean Hennessy | chris.hennessy@mbtlaw.com |

I certify that all parties in this case are represented by counsel who are CM/ECF participants.

/s/ Michael Skopets
Michael Skopets
Jenner & Block LLP
353 N. Clark St.
Chicago, IL 60654
(312) 222-9350
(312) 840-7324 (fax)

*Counsel for Plaintiff Nickolas Lee*