THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NICKOLAS LEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09 C 3166 |
| ) | |
| CITY OF CHICAGO, MARK DUIGNAN, ) | Judge Edmond E. Chang |
| MURPHY RAYL, ANDREW RILEY, ) | |
| RONALD TURNER, JOSEPH MCINERNEY, ) | |
| and DANIEL BINFA, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF HIS OMNIBUS MOTION *IN LIMINE***

## TABLE OF CONTENTS

I. Lee's Motion *In Limine* No. 1 to Exclude Evidence of Plaintiff's Current Incarceration and Permit Plaintiff to Wear Civilian Clothes During Trial ...............................................................................................................1

II. Lee's Motion In Limine No. 2 to Exclude All Evidence Related to Plaintiff's Convictions .....................................................................................................2

III. Lee's Motion In Limine No. 3 to Exclude Evidence of Plaintiff's Guilty Plea to Resisting or Obstructing a Peace Officer......................................................8

IV. Lee's Motion In Limine No. 4 to Exclude Evidence of the Independent Police Review Authority's (IPRA) Investigation and Findings Concerning Plaintiff's IPRA Complaint Against Defendant Officers..................................................................................................12

V. Lee's Motion In Limine No. 5 to Exclude Any Testimony by Defendants' Expert Mr. Connor That Includes Determinations of Witness Credibility ...............................................................................................13

VI. Conclusion ...............................................................................................................15

Defendants Response (D.I. 163) reveals that the parties largely agree on most issues presented by Plaintiff's Omnibus *Motion in Limine*. Specifically, Defendants agree that:

- The jury should not be "inform[ed] … that Plaintiff is currently incarcerated" and the parties will defer to the Court's discretion on the attire to be worn by Lee and the security measures in place. (*Id.*, p. 4) (Plaintiff's Motion No. 1);
- The "the investigation[s] or the conclusive findings of the IPRA investigator" should be barred. (*Id*. p. 15) (Plaintiff's Motion No. 4); and
- "[A]n expert cannot testify as to credibility issues." (*Id.*, p. 17) (Plaintiff's Motion No. 5)

The remaining disputes are either *caveats* to the motions identified above (*e.g.*, what testimony can be offered if Plaintiff "opens the door") or center on what evidence, if any, can be admitted concerning Lee's prior convictions.

As set forth below, and in Lee's Omnibus Motion, the Court should exclude most, if not all, of the evidence of Lee's prior convictions because they are either irrelevant to the events of May 27, 2007 or the prejudice that would result from the introduction of that evidence drastically outweighs any minor probative value. Accordingly, the Court should grant all five of Lee's motions in *limine*.

## I. Lee's Motion *In Limine* No. 1 to Exclude Evidence of Plaintiff's Current Incarceration and Permit Plaintiff to Wear Civilian Clothes During Trial

The parties agree that evidence of Lee's current incarceration should be barred unless Lee opens the door to questioning on this issue, which is not anticipated. Indeed, Lee already has indicated that he will not seek damages based on his incarceration. Thus, the Court should enter an order barring reference to Lee's incarceration and the Defendants can reintroduce the issue with the Court if they believe that Lee has opened the door.

Likewise, the parties agree to defer to the Court's discretion to balance the prejudice stemming from not allowing courtroom attire for Lee and the accompanying security personnel,

with any security risks posed. Lee invites the Court to seek input from the Marshals who have interacted with Lee for their views on the level of security risk he poses.

**II.    Lee's Motion *In Limine* No. 2 to Exclude All Evidence Related to Plaintiff's Convictions**

In its Motion *in Limine* No. 2, Lee moved to exclude all evidence related to Lee's prior convictions on the grounds that any purported probative value of this evidence would be substantially outweighed by its severe prejudicial effect on Lee. Defendants' Response confirms that the only purpose Defendants have in introducing this evidence is to prejudice the jury against Lee. Rather than keep the jury focused on the facts of the case and the events of the evening in question, they instead want to bias the jury by portraying Lee as a convicted felon who has spent the last 10 years in and out of jail. (*See* D.I. 163 at 5-6, 8-9). Defendants assert that "Plaintiff's criminal history is directly relevant to the jury's determination of this case" (*id.* at 6) – but, Lee's past is unrelated to the issues in this case and is at most only tangentially related to his credibility as a witness. (D.I. 163 at 6). This Court and the Seventh Circuit recognize the danger of allowing this evidence in civil rights cases: "This court is well-aware of . . . the ease with which the trial of a civil rights claim brought by a plaintiff with as unsavory a history as [the plaintiff] can be effectively (and prejudicially) transformed into an attack on the character of the plaintiff by parading every last disreputable detail of the plaintiff's life before the jury." *Charles v. Cotter*, 867 F. Supp. 648, 656 n.3 (N.D. Ill. 1994) (citing *Geitz v Lindsey*, 893 F.2d 148, 151 (7th Cir. 1990)). As addressed below, the severe prejudice of introducing Lee's prior convictions to the jury substantially outweighs any of its purported probative value and should be excluded.

In their opposition, Defendants make three arguments why Lee's prior convictions should be admitted in this case, despite the obvious resulting prejudice: (1) Rule 609 states that all

2

felony convictions have probative value and a properly-limited cross-examination is generally admissible; (2) the 2009 bank robbery and 2011 resisting arrest convictions provide context for interpreting the events of May 27, 2007 because of the existence of a warrant for Lee; and (3) the cases cited in Plaintiff's opening Motion *in Limine* No. 2 do not support exclusion. None of these arguments have merit.

### A. Defendants' Interpretation Of Rule 609 Is Erroneous

First, Defendants rely on an overbroad interpretation of Federal Rule of Evidence 609 -- an interpretation that minimizes the significance of the Rule 403 restriction expressly added to Rule 609 in its 1990 amendment. As explained in *Charles,* the only case that Defendants rely on, "the 1990 amendments to Rule 609, *explicitly condition the admissibility of evidence of past felony convictions* offered for impeachment of a witness in a civil action on a *balancing of probative value and unfair prejudice pursuant to Rule 403*." 867 F. Supp. at 655 (emphasis added). Defendants ignore this aspect of Rule 609.

Accordingly, the Court must determine, for each of Lee's prior convictions, whether its probative value is substantially outweighed by the dangers of unfair prejudice and misleading the jury.[1] Each prior conviction must be considered independently because although "Rule 609 recognizes that any felony conviction bears on a witness's credibility. . . some convictions are more probative than others." *Brandon v. Village of Maywood*, 179 F. Supp. 847, 854 (N.D. Ill. 2001). Numerous courts have done so, excluding several or all of a witness's prior felony

---

[1] Importantly, Defendants have already conceded that even if the Court were to find that the prejudicial effect does not substantially outweigh the probative value of any one of Lee's prior convictions, any cross-examination must be limited, at most, to asking Lee to "state the crime charged, the date, and the disposition (*i.e.*, guilty or not guilty – not length of sentence)." (D.I. 163 at 7 ("Just as in *Charles,* Defendants should be allowed to impeach Plaintiff here through properly limited cross-examination referring to his convictions within the past 10 years.") (quoting *Charles,* 867 F. Supp. at 656)).

3

convictions under Rule 403 due to prejudice. *See, e.g., Bruce v. City of Chicago,* 2011 U.S. Dist. LEXIS 83421, at *30-34 (N.D. Ill. July 29, 2011) (excluding all prior convictions – possession of controlled substances in 2004 and 2005 – because "the prudent exercise of discretion militates against permitting even a sanitized version of the prior crimes evidence"); *Tolliver v. Gonzalez*, 2011 WL 5169428 (N.D. Ill. Oct. 31, 2011) (excluding all prior convictions of aggravated battery and attempted robbery as it would "generate unfair prejudice substantially outweighing their probative value"); *Brandon*, 179 F. Supp. 2d at 954 (excluding all felony convictions for possession of a controlled substance and manufacture/delivery of cannabis because it has little probative value).

  As in those cases, here, the putative probative value of each of Lee's prior convictions is substantially outweighed by the dangers of unfair prejudice and misleading the jury. And certainly, admitting *all* of Lee's prior convictions would be cumulative and unnecessarily prejudicial. The Seventh Circuit has weighed in on the harm of admitting *numerous* prior convictions, approving a district court's decision to exclude several convictions. *Wilson v. Groaning,* 25 F.3d 581, 585-86 (7th Cir. 1994) (it is not abuse of discretion to exclude convictions when "[i]n reaching that decision, the trial court reasoned that it 'might be prejudicial to overload the factfinder . . . because [the jury] might well determine that as a result of having that many convictions, that regardless of how the facts come out, that [the plaintiff] is a person not deserving of any relief.'").

  Each of Lee's prior convictions that Defendants claim falls within the parameters of Rule 609, which are discussed in turn below, should be excluded. First, Lee has a unlawful use of a weapon conviction from August 28, 2002. Defendants state that Lee was discharged for this conviction within the last ten years without providing a release date. It is Plaintiff's

4

understanding that he was released before July 2003 which would make this conviction outside the parameters of Rule 609(a).[2] Even if Defendants establish that Lee was released within the last ten years, as in *Logwood v. City of Chicago*, this conviction provides little probative value, if any, because it "occurred almost ten years ago" and its prejudicial effect on Lee as a long-time convicted felon is severe. 2013 U.S. Dist. LEXIS 48729, at *10-11 (Apr. 4, 2013). Next, Lee was convicted of possession of a controlled substance on March 5, 2004 and again on February 7, 2008. As this Court has stated numerous times, and Defendants do not even attempt to refute, drug possession convictions are not crimes of inherent untruthfulness and bear only slight probative value, if any – value that is further diminished here by the long time that has passed since those convictions. *See, e.g., Logwood,* 2013 U.S. Dist. LEXIS 48729, at *10-11; *Brandon,* 179.F.Supp.2d at 854; *Townsend v. Benya*, 287 F.Supp.2d 868, 874 (N.D. Ill. 2003). Because this case does not involve drugs – the only evidence shows that Lee was not on drugs when he was arrested – admission of these drug convictions can only mislead the jury in addition to prejudicially portraying him as a long-time criminal. At a minimum, the Court should exclude these three convictions.

What remains are only Lee's convictions for bank robbery and possession of a firearm in 2009, and three counts of resisting or obstructing a peace officer in 2011. These are addressed in response to Defendants' second argument below.

### B.  Lee's Bank Robbery And Resisting Arrest Convictions Should Be Excluded Because They Have No Probative Value And Are Unduly Prejudicial

Defendants' second argument is that Lee's prior convictions must be admitted to provide context for the jury as to what happened on May 27, 2007. (D.I. 163 at 8-9.) But the convictions

---

[2] Defendants' Exhibit No. 39 (DEF0050) shows that Lee was arrested on or around July 19, 2003, therefore Lee was released from confinement for his August 28, 2002 conviction prior to that. The proponent of the evidence must establish that the prior conviction to be admitted falls within the parameters of Rule 609 and Defendants have not done so here.

5

provide no such context and only serve to prejudice Lee. In fact, Defendants' argument improperly confuses the issues by conflating the relevance of the arrest warrant that Defendants supposedly located after the initial traffic stop with the convictions that had nothing to do with the traffic stop. (D.I.164-3, Dep. Tr. Duignan, at 65:14-73:12).

Lee agrees that the warrant, to the extent Defendants can provide proper foundation, is relevant to the circumstances of what happened on May 27, 2007 and whether the Defendants' use of force was reasonable because it was purportedly known to the Defendants. The warrant, however, is separate and distinct from Lee's bank robbery conviction in 2009 and his resisting or obstructing convictions in 2011. The convictions themselves were not known until well after May 27, 2007 and certainly were not part of the circumstances of which Defendants had knowledge in deciding how much force to use in effectuating Lee's arrest. Thus, regardless of the extent to which the warrant may provide context, the later convictions are not relevant.[3]

Moreover, as in *Blackwell v. Kalinowski*, the danger of unfair prejudice that will result by introducing Lee's felony armed robbery conviction — inflaming the jury and distracting it from the core issues in this case – substantially outweighs any probative value the conviction may have with regard to Lee's propensity to tell the truth. *See* 2011 U.S. Dist. LEXIS 80922, at *10 (N.D. Ill. July 25, 2011) (finding that the plaintiff's 1998 conviction of felony armed robbery was "simply not probative of [his] truthfulness" and therefore substantially outweighed by the danger of unfair prejudice to the plaintiff).

---

[3] To prevent prejudice to Lee, testimony or references to the warrant should be sanitized. Defendants should be limited to establishing the existence of a "warrant" or an "arrest warrant" without reference to the bank robbery charge. Doing so will provide context to the events in question, pertain to the credibility of Lee's story versus Defendants' story, yet do so without inflaming the jury as to the specific nature of the crime.

6

Lee's guilty plea for "resisting arrest" will introduce an added element of prejudice. There is a substantial likelihood that allowing such evidence will confuse the jury as to the issues they are to decide in *this* case. Indeed, introducing a finding of guilt against Lee for "resisting arrest" may incorrectly lead the jury to believe that the Defendants' must *not* be liable here, although controlling case law clearly holds that police officers can still be liable for excessive force even where the plaintiff "resisted." *See Abbott v. Sangamon County, Illinois*, 705 F.3d 706, 727 n.4 (7th Cir. 2013); *Hardrick v. City of Bolingbrook*, 522 F.3d 758, 763 (7th Cir. 2008). In addition, as explained in detail in Lee's opening brief and in Section III below, the "resisting" in a resisting or obstructing a peace officer charge does not equate to physically resisting or attacking the officers. In short, the prejudice to Lee of allowing this evidence, even for impeachment purposes, clearly outweighs the minimal probative value gained.[4]

### C. The Cases Lee Cites In His Opening Brief Clearly Support Exclusion Of The Convictions

Finally, despite trying to distinguish the holdings of *Logwood* and *Blackwell*, Defendants concede that both cases support that the Court must conduct a balancing under Rule 403 before admitting Lee's prior convictions. Defendants also quote those cases as saying something it did not say. In *Logwood*, contrary to Defendants argument, the court stated that: "In regard to the prior convictions of [the plaintiff] at issue, *none* of the crimes involved any inherent untruthfulness." 2013 U.S. Dist. LEXIS 48729, at *10 (emphasis added). The court allowed admission of a properly limited cross-examination of the plaintiff's 2012 felony conviction for

---

[4] To the extent that the Court finds that the underlying bank robbery conviction is necessary to provide proper context of the warrant for the jury, it should be sanitized – Defendants must refer to the warrant for a felony that Lee was later convicted – and all other prior convictions should be excluded as cumulative. Putting in all of Lee's convictions will likely overload the jury and they "might well determine that as a result of having that many convictions, that regardless of how the facts come out, that [the plaintiff] is a person not deserving of any relief." *Wilson,* 25 F.3d at 585-86.

7

possession of a firearm because it was "a recent conviction" and "will not be overly prejudicial." *Id.* In *Blackwell*, the court excluded the plaintiff's 1998 robbery conviction because its minimal probative value is substantially outweighed by the prejudicial effect. 2011 U.S. Dist. LEXIS 80922, at *10. The *Blackwell* court posited a hypothetical that if the plaintiff had lied about the amount of time he spent going to church or caring for his mother while he was incarcerated, the robbery conviction for which he was incarcerated "would have been probative of his truthfulness." *Id.* Therefore, *Logwood* and *Blackwell* do not stand for the proposition that felony armed robbery, without additional facts bearing directly on the issue of truthfulness, have any more than minimal probative value for impeachment purposes.

In sum, Plaintiff's Motion *in Limine* to exclude all evidence and references to Lee's prior convictions should be granted because the prejudicial effect of allowing this evidence substantially outweighs any purported probative value.

### III. Lee's Motion *In Limine* No. 3 to Exclude Evidence of Plaintiff's Guilty Plea to Resisting or Obstructing a Peace Officer

In his Motion *in Limine* No. 3, Lee seeks to preclude evidence or reference to his guilty plea to the charge of resisting or obstructing a peace officer. Defendants' response mischaracterizes the facts of his guilty plea and selectively cites the law to suggest that the plea itself is admissible as proof of facts relating to the underlying events. Lee's plea, however, is limited only to the statutory offense of "resisting or obstructing a peace officer" under 720 ILCS § 5/31-1(a-7), and provides no factual narrative of the events at issue in this case. In addition, the cases Defendants rely on deal with entirely different types of convictions and, moreover, they precede the Seventh Circuit's decision in *Wells v. Coker*, which held, in part, that collateral estoppel cannot be used to support the subsequent use of a guilty plea where the plea involves alternative viable factual bases. 707 F.3d 756, 761-62 (7th Cir. 2013). Clearly, the prejudice

8

that would result from admission of the plea, namely the jury's likely assumption that the plea was a controlling fact in this matter, greatly outweighs any purported probative value. Thus, the plea should be excluded.

Defendants assert three arguments in response to Lee's Motion: (1) the plea was an admission or statement by Lee as to specific facts; (2) the plea is probative of whether Lee used force; and (3) the probative value of the plea is not substantially outweighed by the prejudice. As set forth below, none of the three arguments has merit.

### A. The Plea Was Not An Admission Or Statement By Lee As To Any Specific Facts

Contrary to Defendants' argument, Lee did *not* admit to any specific facts relating to the events of May 27, 2007 in pleading guilty, but only pled guilty to a violation of 720 ILCS § 5/31-1(a-7). (*See* D.I. 161 at 13-14.) Defendants point to Exhibit E in their brief as reflecting the "amended" charges encompassed by Lee's plea (D.I. 163 at 12), but that document does not reflect facts to which Lee agreed. Indeed, if, as Defendants suggest, the handwriting reflects the Assistant State's Attorney's amendments of Counts 1, 3, and 5 against Lee (D.I. 163 at 12), then the plea hearing transcript evidences that Lee pled guilty to those counts before they were amended and without any knowledge of the content of the amendments. (D.I. 161-2 at 5:3:21.) The plea colloquy is clear that Lee pled guilty only to a violation of the statute itself, *i.e.*, to "class four resisting" under "720 Act 5 SECTION 31-1 A-7." (*Id.* at 5:11-21.) Later in the plea hearing, the court limited its explanation to Lee of the amendments as follows: "[t]he agreement your attorney has made with the state's attorney is to amend or reduce all of the aggravated batteries Counts One, Three and Five to Class Fours." (*Id.* at 7:6-8.) Nowhere in the transcript is there any allusion to a substantive amendment of the factual underpinnings of the counts or to

9

any facts contained therein. The evidence in the record before the Court shows that Lee's plea is simply to three counts of violating 720 ILCS § 5/31-1(a-7), and nothing more.[5]

As discussed in more detail in Lee's opening papers, Lee's "statement" at the plea hearing, *i.e.*, his acceptance of the dismissal of three Class Three felonies with a potential 30-year prison sentence in favor of three Class Four felony convictions carrying no sentence beyond one year already served, demonstrates nothing beyond the rationality of his decision to plea. Thus, his "statement" does not provide a basis to introduce the evidence of the plea.

### B. Lee's Plea Is Not Probative Of Whether He Used Any Force

Defendants' next argument, based on several older cases, that Lee's guilty plea is an "admission by the plaintiff," misconstrues those cases and ignores the Seventh Circuit's later holding in *Wells v. Coker*, 707 F.3d at 761-62.

In *Wells*, the Seventh Circuit held that "the doctrine of issue preclusion [often also referred to as collateral estoppel] does not apply" to a plea like Lee's, based on the nature of the offense charged. *See Wells*, 707 F.3d at 762 (listing factors). As Lee's opening papers explain, collateral estoppel provides no basis for the admission of his plea, pursuant to *Wells* because more than one "alternative factual bas[i]s" was sufficient to support the plea and the resisting element was not "necessary," as required by the third prong of the collateral estoppel / issue preclusion test. (D.I. 161 at 15-16.)

In light of the *Wells* holding, none of Defendants' earlier cases apply here; both *Smith* and *Country Mutual* rely on the doctrine of collateral estoppel, which *Wells* makes plain does not

---

[5] Moreover, as noted in Lee's Motion, his counsel's stipulation about the evidence that the State would have presented had the case gone to trial does not in any way establish an admission by Lee to the factual basis of that evidence. (D.I. 161 at 14.)

10

apply to Lee's guilty plea.[6] *See Smith v. Sheahan*, 959 F. Supp. 841, 847 (N.D. Ill 1997) (noting that "[i]t is appropriate to apply the ordinary collateral estoppel rules," and holding the third prong satisfied); *Country Mutual Ins. v. Duncan*, 794 F.2d 1211, 1214-15 (7th Cir. 1986) (allowing guilty plea to voluntary manslaughter as an admission of intent based on collateral estoppel).

Similarly, Defendants' reliance on *Gregory v. Oliver*, 2003 U.S. Dist. LEXIS 5933, at *8 (N.D. Ill. Apr. 8, 2003), is also misplaced because the court in *Gregory* simply admitted the plaintiff's previous guilty plea without any consideration of the collateral estoppel factors now mandated by *Wells*. Moreover, the plea admitted in *Gregory* also included felony aggravated assault of a police officer, which provides a different factual scenario for an excessive force case and is not at issue here.[7] *See Gregory v. Oliver*, 226 F. Supp. 2d 943, 947 (N.D. Ill. 2002). Here, the State expressly dropped Lee's original "aggravated battery" charges, which could have had a similar effect as in *Gregory*, and so, if anything, the content of his plea evidences that Lee was *not* admitting to battering a police officer. And, in the end, the *Gregory* court found that "defendants' position [with regard to the plaintiff's guilty plea] continues to reflect their over simplistic approach to the issues posed by Gregory's claim of excessive force. Those convictions have no more than limited relevance to that excessive force claim." *Gregory*, 2003 U.S. Dist. LEXIS 5933, at *8. That sentiment is equally true here.

    **C.**    **Rule 403 Balancing Overwhelmingly Favors Exclusion Of The Plea**

Even if Lee's guilty plea had some marginal relevance – it does not – as Defendants claim, under Rule 403, its prejudicial effect would substantially outweigh its purported probative

---

[6] *Smith* also does not apply because the conviction in *Smith* "follow[ed] a trial on the merits, not a guilty plea," unlike Lee's conviction. 959 F. Supp. at 843 n.2.

[7] *Montanez v. Fico*, 2012 WL 2129396, *5 (N.D. Ill. June 11, 2012), another case cited by Defendants, likewise involved an aggravated battery conviction and does not apply here.

11

value.[8]  Tellingly, Defendants have failed to provide any explanation as to what the probative value of the plea is, other than blustering that it may have some such value.  However, based on the wide variety of conduct that can underlie a violation of 720 ILCS § 5/31-1(a-7) (*see* D.I. 161 at 16), and the circumstances of Lee's plea, any probative value is necessarily minimal.

The danger of unfair prejudice, as well as the risk of confusing and misleading the jury, however, are tremendous.  The jury is likely to assume that the plea is dispositive of Lee's claims in this matter, which is patently untrue (and legally erroneous).  Any attempt to correct the jury's incorrect assumption would lead to a complex sideshow, requiring Lee to discuss the elements of 720 ILCS § 5/31-1 (as contrasted with the ordinary everyday use of the term "resisting arrest," or "resisting" and "obstructing"), the preclusive effects of guilty pleas, and the circumstances of Lee's plea hearing—all of which would further confuse the jury and prejudice Lee.  Under these circumstances, the balancing of the Rule 403 factors strongly favors the exclusion of evidence of the plea under Rule 403.

For the reasons set forth above and in Lee's Motion, the Court should exclude all evidence of Lee's guilty plea to resisting or obstructing a peace officer.

### IV. Lee's Motion *In Limine* No. 4 to Exclude Evidence of the Independent Police Review Authority's (IPRA) Investigation and Findings Concerning Plaintiff's IPRA Complaint Against Defendant Officers

In their response to Lee's Motion *in Limine* No. 4, which seeks to exclude evidence of the IPRA investigation of the events in this case, Defendants do not object to barring evidence of the investigation or the inconclusive findings of the IPRA investigator.  Defendants oppose the

---

[8] The Rule 403 analysis is necessarily fact specific, and none of the cases cited by Defendants involve facts analogous to this case—where the previous plea is as tenuously related to the issues in the subsequent litigation because of various alternative bases for the plea and the extremely favorable circumstances of the plea deal, and where the potential prejudice to the plaintiff and the risk of jury confusion are as significant as they are here.

12

motion only as to two documents: the written and signed statement of Lee to the IPRA on May 4, 2009 (Defs.' Exh. No. 32, DEF0880-0882), and the June 8, 2009 interview notes from IPRA investigator William Walsh (Defs.' Exh. No. 33, DEF0874-0876). Lee agrees to the admission of these two documents. In addition, Defendants have agreed to refer to Mr. Walsh as "an investigator" and refrain from making any reference to the IPRA.

V. **Lee's Motion *In Limine* No. 5 to Exclude Any Testimony by Defendants' Expert Mr. Connor That Includes Determinations of Witness Credibility**

Lee's Motion *in Limine* No. 5 seeks to exclude any testimony by Defendants' expert, Mr. Connor, that would convey a determination of witness credibility. Defendants oppose this motion primarily on two grounds: (1) Defendants argue that Connor will not offer any opinions about credibility, and (2) Defendants assert there is no legal basis for barring an expert opinion that "that indirectly implicate[s] credibility." As discussed below, Defendants' objections are misplaced and the Court should issue a clear order barring Mr. Connor from opining on issues that implicate witness credibility.

The confusion relating to this motion arises because in his written expert report, Connor provided several opinions which he acknowledged are based on the Defendant Officers' version of Lee's arrest. For example, below is the full version of an opinion set forth in Connor's report:

> **Opinion 1 — Balanced Application of Force**
>
> It is my opinion that the version of the incident, per the reports of the officers, including those describing the utilization of weapons (OC spray, baton, and Taser) and weaponless (hand strikes, leverage techniques, and contact controls) procedures during the arrest of a non-compliant subject (Nickolas Lee), were properly balanced to the degree of Lee's non-compliance to the arrest, and in my opinion would not be seen as excessive in the force utilized.

At his deposition, Connor testified that he credited the Officer's reports because Connor "felt that when you look at the stories, [Defendants' story] seemed to be a more reliable story

13

than [Lee's] story." (Connor Dep. Tr. 107:19-108:7.) Specifically, Connor admits that he "read both sides and then drew certain conclusions based upon my expertise as far as could this happen, should this have happened, and the way that it happened, and I came to the conclusions that I had in reference to my opinions." (*Id*. at 30:20-31:9.) By resolving the discrepancies between the two stories, Connor implicitly credited the Defendants' version over Lee's version and usurped the jury role as fact-finder. Lee acknowledges, however, that Connor's conclusion would be proper expert testimony if posed as a hypothetical. In other words, Connor can testify to his opinions "If the Defendants' version is correct . . . ." But his opinions cannot simply assume the Defendants' version is correct. That would be improper.

It is for the same reason that Connor's opinions that "that indirectly implicate credibility" should be barred as well. Simply put, Connor cannot be allowed to testify, for example, that "the actual spraying of the OC appeared prompted by the consequences of an attack rather than one founded upon wickedness," as he wrote in his expert report. (Connor Report, D.I. 161-3, at 4.) This is a pure factual determination about what happened as part of Lee's arrest based, at least in part, on a credibility determination. In other words, he came to the factual conclusion that the Defendants did not act in a "wicked" manner because he credited the Defendants' version of the events of the evening in question. His report is replete with further examples of credibility determinations, such as the following:

- "Such action on the part of the officer would indicate to me a reactive response to a wide area, rather than a more deliberate effort for intentional infliction of directed harm." (*Id.*) Note that Connor is speculating as to the intentions of the Defendant officers, *i.e.*, whether their actions were deliberate and intentional.

- "I saw no indication of meaningless tasing of the subject. I saw no indication of multiple applications, gross efforts of prong removal, etc." (*Id.*) Here, Connor opines to what he "saw."

14

Each of these opinions, and similar ones sprinkled throughout his report, are fundamentally flawed as they are premised on a credibility determination. *Jordan v. City of Chicago*, 2012 U.S. Dist. LEXIS 3473, at *18 (N.D. Ill. Jan. 11, 2012) (barring expert testimony because "based on his credibility determinations" the expert concluded that "the officer-involved shooting . . . was 'not reasonable or justified under the facts and circumstances known to the officers in this matter'" and "[i]t is simply not feasible to extract non-credibility opinions from the credibility opinions [because] the entire report is premised on his evaluation of which witnesses are believable" (quoting expert report)).

Thus, the Court should enter an order barring any of Connor's testimony which is premised on credibility, including factual determinations requiring credibility determinations. To the extent that Connor will testify in the hypothetical, *e.g.*, "if Defendants' version is correct…", Plaintiff has no objection.

## VI. Conclusion

Lee respectfully requests that the Court enter an order barring the evidence set forth above and in his Omnibus Motion *in Limine* for the reasons set forth therein.

Dated: May 23, 2013

Respectfully submitted,

By: */s/ Timothy J. Barron*
Timothy J. Barron
Benjamin J. Bradford
Michael Skopet*s*
Jenner & Block LLP
353 N. Clark St.
Chicago, IL 60654
(312) 222-9350

*Counsel for Plaintiff Nickolas Lee*

15

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2013, a true and correct copy of the preceding

**PLAINTIFF'S REPLY IN SUPPORT OF HIS OMNIBUS MOTION IN LIMINE** was filed

with the Clerk of Court pursuant to the Court's CM/ECF procedures, which

effected service on the following counsel of record for Defendants:

| | |
|---|---|
| Richard Arthur Devine | richard.devine@mbtlaw.com |
| James John Knibbs | james.knibbs@mbtlaw.com |
| Tracey A Dillon | tracey.dillon@mbtlaw.com |
| Christopher Sean Hennessy | chris.hennessy@mbtlaw.com |

I certify that all parties in this case are represented by counsel who are CM/ECF participants.

/s/ Michael Skopets
Michael Skopets
Jenner & Block LLP
353 N. Clark St.
Chicago, IL 60654
(312) 222-9350
(312) 840-7324 (fax)

*Counsel for Plaintiff Nickolas Lee*